

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8849

January 10, 2023

**Via CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

RE:    *West Virginia v. U.S. Department of the Treasury*, No. 22-10168
       (argued September 13, 2022)

Dear Mr. Smith:

I write in response to plaintiffs' letter concerning the recent en banc decision in *Adams v. School Board of St. Johns County*, No. 18-13592. Far from supporting plaintiffs' invocation of the clear-statement principle articulated in *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1 (1981), *Adams* underscores why that principle cannot support a ruling that holds the Offset Provision categorically invalid and enjoins its enforcement under any circumstances.

In *Adams*, this Court applied the *Pennhurst* clear-statement principle in the appropriate manner: as a rule of statutory construction, under which a statute is interpreted to impose only those conditions of which a State had notice. *See* Op. 45-46. Judge Jill Pryor's dissent likewise referred to the *Pennhurst* principle as a rule "of construction." Op. 57 n.25.

Here, because plaintiffs sued outside the context of any concrete dispute over the enforcement of the Offset Provision, there is no occasion for the Court to apply the *Pennhurst* principle in that typical way. Plaintiffs instead invoke the principle as a basis for holding the Offset Provision categorically unenforceable on the theory that its application in some contexts might be unclear. *See, e.g.*, Br. 25 (arguing that a condition is invalid if it "'admits of two plausible interpretations'"). But if that were how the principle worked, then the Court in *Adams* would have declared Title IX to be categorically unenforceable if the meaning

of "the term 'sex,' as used in [the statute], were unclear" (Op. 44). No one would think that outcome proper.

If a concrete dispute over the application of the Offset Provision ever arises, then a court can properly apply the *Pennhurst* principle in the way that *Adams* applies it: as a canon of construction in resolving that dispute. But we are aware of no court that has ever applied the principle to hold unconstitutional a funding condition other than the one at issue here.

Sincerely,

*/s/ Daniel Winik*
Daniel Winik


cc:    All counsel (via CM/ECF)